IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES SWIFT, | ) | 8:14CV243 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOHN DOE COHORT, and OMAHA POLICE, | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Charles Swift ("Swift") filed his Complaint (Filing No. 1) in this matter on August 15, 2014. This court has given Swift leave to proceed in forma pauperis. The court now conducts an initial review of his Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Swift brings this action pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments. He named the Omaha Police Department ("OPD") and a John Doe police officer with the OPD as Defendants.

Swift alleged that on August 8, 2014, he was at his wife's residence with his wife and one other individual. He and his wife left the residence in a vehicle and were followed by Defendants. Swift and his wife drove to a bank where Defendants pulled him over for allegedly failing to signal. They then informed him they had a warrant to search the residence Swift and his wife had just departed. Defendants arrested them and then transported them to the residence where they conducted the search and found nothing illegal inside. Swift seeks $100,000,000.00 for "illegal kidnap[ing]." (Filing No. 1 at CM/ECF pp. 1-3.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  A pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

#### A. Claims Against Omaha, Nebraska

Swift named "Omaha Police" as a Defendant in this matter. The court construes Swift's claims against "Omaha Police" as being a suit against the City of Omaha, Nebraska. The City of Omaha may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Swift does not present any allegations of an official policy or custom in his Complaint. Thus, Swift has not alleged sufficient facts to "nudge" his claims against the City of Omaha across the line from conceivable to plausible under the *Jane Doe* standard.

### B. Individual-Capacity Claims Against OPD Officer John Doe

Liberally construed, Swift alleges he left his wife's residence, traveled to the bank, and was followed by John Doe and other OPD officers. While at the bank, OPD officers arrested him after informing him they had a warrant to search his wife's residence. Liberally construed, Swift argues his arrest violated the Fourth and Fourteenth Amendments.

The Fourth Amendment, applicable to the States through the Fourteenth Amendment, provides: "The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . particularly describing the place to be searched, and the persons or things to be seized." The general rule is that "'Fourth Amendment seizures are "reasonable" only if based on probable cause' to believe that the individual has committed a crime." *Bailey v. United States*, --- U.S. ----, 133 S. Ct. 1031, 1037 (2013) (quoting *Dunaway v. New York*, 442 U.S. 200, 213 (1979)).

In *Bailey v. United States*, police officers were preparing to execute a search warrant at the defendant's residence when they observed the defendant leave the premises in an automobile. The officers followed him, pulled him over, and arrested him. The Supreme Court held the decision to detain a defendant must be acted upon at the scene of the search and not at a later time in a more remote place. *Bailey*, --- U.S. at ----, 133 S. Ct. at 1042-43. "Once an individual has left the immediate vicinity of a premises to be searched[] detentions must be justified by some other rationale,"

4

such as a brief stop for questioning based on *Terry v. Ohio*, 392 U.S. 1 (1968), or an arrest based on probable cause.

Here, as in *Bailey*, police officers arrested an individual after he left the residence that was to be searched. There was no apparent "rationale" for arresting Swift in the bank parking lot where he was pulled over for allegedly failing to signal. Rather, Swift was arrested after he was informed that law enforcement officers had a warrant to search his wife's residence.

The court concludes Swift has stated a viable Fourth Amendment claim against John Doe. However, the court cautions Swift that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of Swift's claims or potential defenses thereto.

## IV. CONCLUSION AND ORDER

Swift's Complaint states a cognizable claim against John Doe in his individual capacity for a violation of the Fourth Amendment, but does not state any claims for relief against the City of Omaha. The court will provide Swift with the opportunity to file an amended complaint that states a claim upon which relief may be granted against the City of Omaha.

Should Swift decide not to file an amended complaint, this matter will proceed only as to his claims against John Doe. However, the United States Marshal's Service cannot initiate service upon an unknown defendant. Therefore, the court will give Plaintiff 30 days in which to take reasonable steps to identify John Doe and notify the court of his name, after which the court will send Swift the documents necessary to initiate service of process.

IT IS THEREFORE ORDERED that:

1.  Within 30 days from the date of this Memorandum and Order, Plaintiff must file an amended complaint that states a claim upon which relief may be granted against the City of Omaha, Nebraska. Failure to do so will result in this matter proceeding solely against John Doe in his individual capacity.

2.  Plaintiff will have 30 days from the date of this Memorandum and Order to take reasonable steps to identify John Doe and notify the court of his name, after which the court will send Swift the documents necessary to initiate service of process. Failure to do so will result in dismissal of this matter without prejudice and without further notice. Plaintiff may request an extension of time in which to identify John Doe if additional time is needed.

3.  The clerk's office is directed to set the following case management deadline: December 8, 2014: Check for amended complaint and name of John Doe.

DATED this 6th day of November, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.