IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES SWIFT, | ) | 8:14CV243 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| OMAHA POLICE, and KYLER, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. The court conducted an initial review of Plaintiff Charles Swift's Complaint on November 6, 2014. The court wrote, in relevant part:

> Swift's Complaint states a cognizable claim against John Doe in his individual capacity for a violation of the Fourth Amendment, but does not state any claims for relief against the City of Omaha. The court will provide Swift with the opportunity to file an amended complaint that states a claim upon which relief may be granted against the City of Omaha.
>
> Should Swift decide not to file an amended complaint, this matter will proceed only as to his claims against John Doe. However, the United States Marshal's Service cannot initiate service upon an unknown defendant. Therefore, the court will give Plaintiff 30 days in which to take reasonable steps to identify John Doe and notify the court of his name, after which the court will send Swift the documents necessary to initiate service of process.

(Filing No. 6 at CM/ECF p. 5.)

On December 23, 2014, Swift identified John Doe as Omaha Police Department Officer Kyler. Accordingly, Swift's claims against Officer Kyler in his individual capacity may proceed to service of process.

IT IS THEREFORE ORDERED that:

1. To obtain service of process on Officer Kyler, Plaintiff must complete and return the summons form that the Clerk of Court will provide. The Clerk of Court shall send one summons form and one USM-285 form to Plaintiff, together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of Court. In the absence of the forms, service of process cannot occur.

2. Upon receipt of the completed forms, the Clerk of Court will sign the summons forms, to be forwarded with a copy of the Complaint to the United States Marshal for service of process. The Marshal shall serve the summons and the Complaint without payment of costs or fees. Service may be by certified mail pursuant to Federal Rule of Civil Procedure 4 and Nebraska law in the discretion of the Marshal. The Clerk of Court will copy the Complaint, and Plaintiff does not need to do so.

3. Federal Rule of Civil Procedure 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

4. Plaintiff is hereby notified that failure to obtain service of process on Defendant within 120 days of the date of this order may result in dismissal of this matter without further notice.

5.   The Clerk of Court is directed to set a case management deadline in this case with the following text: "April 30, 2015: Check for completion of service of summons."

6.   The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending.

7.   Swift's claims against the City of Omaha, Nebraska, are dismissed without prejudice. The clerk's office is directed to terminate "Omaha Police" as a party in this matter.

DATED this 30th day of December, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3