IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES SWIFT,<br><br>     Plaintiff,<br><br>vs.<br><br>RICHARD KYLER,<br><br>     Defendant. | 8:14-CV-243<br><br>ORDER |

  The plaintiff, Charles Swift, has filed a "notice of appeal" (filing 24) and a motion to proceed in forma pauperis (filing 25). The "notice of appeal" purports to relate to the March 9, 2015, order of the Magistrate Judge granting the defendant's motion to extend the time to serve a responsive pleading. *See* filings 20 and 24.

  The initial question the Court must address is whether the plaintiff is appealing to the District Judge or to the Eighth Circuit Court of Appeals. The "notice of appeal" does not say, and the plaintiff's motion to proceed in forma pauperis is an AO 240 form, an "Application to Proceed *in District Court* Without Prepaying Fees or Costs." *See* filing 25 (emphasis supplied). The Court will construe the plaintiff's filing as an objection to the Magistrate Judge's order, to be decided by the District Court, because that is the correct procedure for appealing such an order.

  A pretrial matter that does not dispose of a case may be decided by the Magistrate Judge, and a party who wants to challenge such a ruling must serve and file an objection that will be decided by the District Judge. *See*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); NECivR 72.1 and 72.2(a). And a Magistrate Judge's ruling on a nondispositive pretrial matter may not be challenged in the Court of Appeals unless a timely appeal was filed before the District Court. *See St. Jude Med. S.C., Inc. v. Tormey*, No. 14-1619, 2015 WL 1036016, at *7 (8th Cir. Mar. 11, 2015). Furthermore, the order the plaintiff is attempting to appeal from clearly cannot be appealed to the Court of Appeals before a final judgment in this case. *See*, 28 U.S.C. § 1291 (Courts of Appeals shall have jurisdiction of appeals from "final decisions" of district courts); *Great Rivers Co-op. of Se. Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 687-88 (8th Cir. 1999) (pretrial order cannot be appealed unless it includes the grant or denial of an injunction, or the district court has certified a controlling issue of law, or the court has directed entry of a partial final

judgment under Fed. R. Civ. P. 54(b), or the interlocutory order is appealable under the collateral order doctrine).

Accordingly, because the plaintiff's filing was unclear, the Court will assume that the plaintiff intended to follow the correct procedure. The Court will consider the plaintiff's "notice of appeal" as a timely objection to the Magistrate Judge's nondispositive pretrial order.

The Magistrate Judge's order permitted the defendant an extension of time to file an answer, based on the defendant's explanation that an administrative error caused his answer to be late. *See* filing 18. The applicable rule is that when an act may or must be done within a specified time, the Court may extend the time on motion made after the time is expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. *Jefferson v. Hicks*, 364 F. App'x 281, 283 (8th Cir. 2010). The factors to be considered include the danger of prejudice to the plaintiff, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

Here, there is no showing that the plaintiff's case has been prejudiced by the delay, which was minimal, and the cause of the delay was simple negligence, not bad faith. *See Union Pac. R.R. Co. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782-83 (8th Cir. 2001) (simple record-keeping error may be excusable neglect for an untimely response where party acted promptly to remedy error and plaintiff's ability to advance claim was not undermined). The defendant's answer has already been filed. Filing 21. And a district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters only where it has been shown that the ruling is clearly erroneous or contrary to law. *See,* § 636(b)(1)(A); *Ferguson v. U.S.*, 484 F.3d 1068 (8th Cir. 2007). The Magistrate Judge's ruling was neither clearly erroneous nor contrary to law, and accordingly the plaintiff's objection will be overruled.

An objection to a Magistrate Judge's ruling does not require the payment of a separate fee. Therefore, the plaintiff does not need leave to proceed in forma pauperis at this time, and his motion to proceed in forma pauperis is moot.

IT IS ORDERED:

1. The plaintiff's "notice of appeal" (filing 24), construed as an objection to the Magistrate Judge's order of March 9, 2015, is overruled.

2. The plaintiff's motion to proceed in forma pauperis (filing 25) is denied as moot.

Dated this 17th day of March, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge

- 3 -