IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES SWIFT,<br><br>                Plaintiff,<br><br>vs.<br><br>RICHARD KYLER,<br><br>                Defendant. | 8:14-CV-243<br><br>ORDER |

      This case is before the Court on several matters, most pertinently a filing (filing 32) that the Court has docketed as a supplement to Swift's complaint,[1] and a motion to proceed in forma pauperis. This case has gotten out of hand, and the Court intends to get it back under control.

### AMENDED PLEADINGS AND ANSWER DEADLINE

      Swift has, at this point, filed a complaint (filing 1) and, with the leave of the Court, a supplement to that complaint (filing 7). But Swift has also, without the leave of the Court, filed a document captioned "Amended Complaint" (filing 23) outside the time permitted by Fed. R. Civ. P. 15(a)(1)(A), a "Reply to Answer to Amended Complaint" (filing 30), and today's supplement (filing 32), again without leave to do so.

      Pursuant to Rule 15(a)(3), defendant Kyler now has until April 6, 2015 to file an answer to Swift's amended and supplemented complaint (consisting of filings 1, 7, 23, 30, and 32). Swift is *ordered not to file* any more amended pleadings, or supplements to his pleadings, without first getting leave of the Court as required by the Federal Rules of Civil Procedure, Rule 15(a)(1)(A), and the local rules of this Court, NECivR 15.1. Any amended or supplemented pleadings that are filed by Swift without leave of the Court *may be stricken* without further notice.

---

[1] It was not clear to the Court whether Swift intended to supplement his complaint in this case or initiate a new case. The Court has elected to file it as a supplement to the complaint, for three reasons: (1) the motion to proceed in forma pauperis that was also received contained this case number in the caption, (2) the allegations of Filing 32 are clearly related to those in the pleadings in this case, and (3) the defendant identified in Filing 32 has already been served with process in this case.

## MOTION FOR SUMMARY JUDGMENT

Swift also filed a motion for summary judgment (filing 16), but since then has filed an amended complaint and supplement to his complaint. As a result, Swift's motion for summary judgment is now inconsistent with his complaint, and the defendant must be permitted to answer the current complaint before summary judgment can be proper. Therefore, Swift's motion for summary judgment (filing 16) will be denied without prejudice. Swift may move for summary judgment later, *after* discovery and case progression. Swift is ordered not to file another motion for summary judgment until *after* the defendant files an answer *and* the Magistrate Judge enters a case progression order.

## REQUEST FOR CLASS CERTIFICATION

Swift's "amended complaint" contains several requests, the first of which is a request to certify a class action. Filing 23 at 2. A class action may be maintained only if

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

The "class" Swift purports to represent are those "persistently subjected" to what Swift claims is a "policy" of the City of Omaha's "mistrained" and "uneducated" police. But the Court already found that Swift has not alleged enough facts to show a plausible official policy or custom claim against the City of Omaha. Filing 6 (citing *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990)). The class of plaintiffs does not relate to Swift's claim against the defendant, Kyler. There is no reason to believe that the defendant Kyler is responsible for setting policy for the City of Omaha.

Furthermore, the Court finds nothing to suggest that there are questions of law or fact common to the class, that Swift's claims are typical of the class, or that Swift will fairly and adequately protect the interests of the class. Swift's request to certify a class will be denied.

To make sure Swift understands this: the only defendant in this case is Richard Kyler, who Swift alleges violated his constitutional rights. That is the only claim for relief that Swift has sufficiently alleged. *See* filing 6. The

only claim in this case is Kyler's alleged violation of Swift's constitutional rights, not whether anybody else did anything to Swift, or whether anyone besides Swift has been discriminated against. The City of Omaha is not a defendant, nor are any other city officials defendants.

### REQUEST FOR APPOINTMENT OF COUNSEL

Swift's amended complaint contains a request for counsel to be appointed to represent the class. Filing 23 at 2. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel, and the Court has broad discretion to decide whether both the litigant and the Court will benefit from the appointment of counsel. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). Swift's request here is moot: he asked for counsel to be appointed to represent the class, but the Court is not certifying a class. And the Court declines to appoint counsel to represent Swift. His request for appointment of counsel will be denied.

### REQUEST FOR DISCOVERY

Swift's amended complaint also requests discovery. Filing 23 at 2-3. That request will be denied. As explained above, because Swift keeps amending and supplementing his complaint, Kyler has the right to respond to Swift's amended pleadings. *See* Rule 15(a)(3). Under this Court's rules, the Court will issue a progression order, addressing discovery and other issues, approximately 30 days after the defendant's answer is filed. NECivR 16.1(c)(2). No discovery may take place until that order is entered, except upon motion and order.

So, the Court will deny Swift's request for discovery at this time. The Court's progression order, which will be entered after Kyler's answer is filed, will address how and when discovery will be allowed. Swift is ordered not to move for discovery before that time.

### MOTION TO PROCEED IN FORMA PAUPERIS

Swift also filed a motion for leave to proceed in forma pauperis. Filing 31. Swift has already been given leave to proceed in forma pauperis in this case, and nothing requiring a filing fee is pending. So, Swift's motion will be denied as moot.

### CONCLUSION

It seems as if every day brings a new filing from Swift, usually with little regard for this Court's local rules or the Federal Rules of Civil Procedure. Pro se litigants are held to a lesser pleading standard than other parties. *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). But that principle has limits, and pro se litigants must still comply

with court rules and directives. *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005). Failing to do so may have consequences.

Swift is cautioned that future filings that do not comply with court rules, or that are filed too early or too late, may be disregarded or stricken. Filings that the Court finds are presented for an improper purpose, such as harassment, may lead to sanctions including financial penalties. *See* Fed. R. Civ. P. 11(c). And failure to comply with the Court's rules or the Court's orders may warrant dismissal of the action. *See* Fed. R. Civ. P. 41(b).

The Court does not demand perfection of Swift. Even experienced counsel will sometimes run afoul of the rules, as the defendant's counsel in this case would no doubt admit. But Swift does not seem to want to let this case progress as the Rules of Civil Procedure provide. And the case *cannot* progress while Swift is doing things like repeatedly amending his pleadings or petitioning the Eighth Circuit. His constant filings are not speeding the case up—they are slowing it down. It is the Court's responsibility to progress this case toward a resolution on the merits, and Swift is advised to cooperate with that process.

IT IS ORDERED:

1. Swift is ordered not to file any amended pleadings, or supplements to his pleadings, without first getting leave of the Court pursuant to Fed. R. Civ. P. 15(a)(1)(A) and NECivR 15.1.

2. Swift's motion for summary judgment (filing 16) is denied without prejudice.

3. Swift is ordered not to file another motion for summary judgment until after the defendant files an answer and the Court enters a case progression order.

4. Swift's request for class certification is denied.

5. Swift's request for appointment of counsel is denied.

6. Swift's request for discovery is denied as premature.

7. Swift is ordered not to file any discovery motions until after the defendant files an answer and the Court enters a case progression order.

8. Swift's motion for leave to proceed in forma pauperis (filing 31) is denied.

9. Swift is ordered to comply with the Federal Rules of Civil Procedure and the local rules of this Court.

Dated this 23rd day of March, 2015.

BY THE COURT:

*[signature]*

John M. Gerrard
United States District Judge