IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHARLES SWIFT,

          Plaintiff,

vs.

RICHARD KYLER,

          Defendant.

8:14-CV-243

ORDER

      The plaintiff, Charles Swift, has filed two notices of appeal: a "notice of appeal" (filing 34) and a "Noticed Interlocutory Appeal to 8th Circuit" (filing 35).[1] Both documents ask to appeal in forma pauperis. Filing 34; filing 35. The Court finds, pursuant to 28 U.S.C. § 1915(a)(3), that Swift may not appeal in forma pauperis.

      A litigant seeking to appeal a judgment must either pay the required filing fees, see Fed. R. App. P. 3(e), or proceed in forma pauperis pursuant to § 1915(a). But § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958). An indigent appellant should be allowed to proceed in forma pauperis *unless* the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant. *Coppedge*, 369 U.S. at 447; *Ellis*, 356 U.S. at 675.

      An appeal is frivolous where none of the legal points are arguable on their merits—when the result is obvious or the appellant's argument is

---

[1] The Court cannot help but notice that these filings, like many others in this case, seem to have been written in different handwriting and prepared by different people. There may be an innocent explanation for why two different people are preparing documents *pro se* in a case that nominally has only one plaintiff. But Swift is reminded that someone who is neither a litigant nor a licensed attorney may not act as an attorney before the Court. *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994). A legal proceeding in which a party is represented by a person not admitted to practice law is considered a nullity and is subject to dismissal. *State ex rel. Comm'n on Unauthorized Practice of Law v. Billy Roy Tyler*, 811 N.W.2d 678, 681 (Neb. 2012). Swift is also advised, given the disregard for procedural rules shown by many of the filings that have been submitted on his behalf: if he is being assisted by a non-lawyer, he might not be getting very good advice.

wholly without merit. *See*, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006). And while such a finding should be made only in extreme cases, it is proper when a party attempts to appeal from an order that is clearly not appealable. *See Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 978-79 (8th Cir. 1964).

Swift's first notice of appeal (filing 34) is directed at the Court's March 17, 2015 order (filing 27) overruling his objection to the Magistrate Judge's order permitting the defendant an extension of time to file an answer. Swift's second notice of appeal is directed at the Court's order of March 23, 2015 (filing 33) denying several pretrial motions and, generally, instructing Swift to abide by the Federal Rules of Civil Procedure and local court rules regarding case progression, and wait for the defendant to answer before filing any more motions. Those orders are clearly not appealable. *See* 28 U.S.C. § 1291; *see also*, 28 U.S.C. § 1292(a); *Great Rivers Co-op. of Se. Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 687-88 (8th Cir. 1999). And to the extent that Swift's "noticed interlocutory appeal" can be construed as seeking leave to take an interlocutory appeal, there is no basis for it, and the request is denied—neither order involves a controlling question of law, nor would an immediate appeal materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b).

Swift is attempting to appeal clearly non-appealable orders—and, in the Court's March 17, 2015 order, Swift was expressly instructed to that effect. Filing 27 at 1-2. Accordingly, his appeals are frivolous and not taken in good faith, and cannot be taken in forma pauperis. *See Cohen,* 333 F.2d at 978-79.

A district court normally does not lose jurisdiction to proceed with the case when one party appeals a non-appealable order. *State ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1106 (8th Cir. 1999). However, the Eighth Circuit has said,

> appellate jurisdiction is primarily an issue for the appellate court. Therefore, if an appeal is taken from an interlocutory order and the issue of appealability is in doubt, the district court should stay its hand until we resolve the issue of our jurisdiction, or remand for further clarification of that issue.

*Id.* at 1106-07. Accordingly, this case is stayed until the Eighth Circuit disposes of both appeals. The defendant's answer deadline of April 6, 2015 is terminated; the defendant need not file his answer until 14 days after the

Eighth Circuit's mandate disposing of these appeals.[2] Any motions or documents filed by Swift in this Court may be stricken, without further notice, as violative of that stay. Swift was told, in the Court's previous order, that his constant filings were slowing down progression of the case. These latest filings only prove the point.

IT IS ORDERED:

1. Swift's appeals are not taken in good faith, and he is not entitled to proceed in forma pauperis on appeal.

2. This case is stayed until the Eighth Circuit disposes of these appeals.

3. Swift is ordered not to file any pleadings, motions, or other documents attempting to progress this case until the Court's stay is lifted.

4. The defendant's answer date is extended until 14 days after the Eighth Circuit's issuance of a mandate that fully disposes of these appeals.

5. The Clerk of the Court is directed to forward a copy of this order to the Eighth Circuit Court of Appeals.

Dated this 2nd day of April, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[2] Should the Eighth Circuit docket two separate appeals, the defendant need not answer until both appeals are disposed of.