IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES SWIFT, | |
| Plaintiff, | 8:14-CV-243 |
| vs. | |
| RICHARD KYLER, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on two motions for preliminary injunction and temporary restraining order filed by the plaintiff, Charles Swift (filings 51 and 52). Those motions will be denied.

Ordinarily, when deciding whether to issue a temporary restraining order or preliminary injunction, the Court begins with the four *Dataphase* factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Johnson v. Minneapolis Park & Recreation Bd.*, 729 F.3d 1094, 1098 (8th Cir. 2013); (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). But in this case, there is a preliminary matter that must be addressed: the relationship between Swift's motions and the subject matter of his complaint.

The purpose of a preliminary injunction is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Thus, the movant must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.*; *see Owens v. Severin*, 293 F. App'x 425, 425 (8th Cir. 2008). And in this case, that relationship is lacking. Swift's motions for preliminary injunction ask the Court to enjoin the City of Omaha from allegedly pursuing a policy of illegally arresting citizens without probable cause. *See*, filings 51 and 52. The only claim still pending in this case, however, is Swift's 42 U.S.C. § 1983 claim against Richard Kyler, in his individual capacity, for the alleged violation of Swift's Fourth Amendment rights. *See* filing 8. For that claim, there is no status quo to preserve: the injury Swift alleges has already been inflicted. Swift may, or may not, be entitled to damages for Kyler's alleged wrongdoing, but there is nothing to enjoin.

Furthermore, the general rule is that injunctions may not be enforced against nonparties. *See Nat'l Spiritual Assembly of Bahá'ís of U.S. Under Hereditary Guardianship, Inc. v. Nat'l Spiritual Assembly of Bahá'ís of U.S., Inc.*, 628 F.3d 837, 848 (7th Cir. 2010). And the City of Omaha is not a party to this lawsuit, because the Court found that Swift did not successfully state a claim for relief against the City. *See* filing 8. In asking for the Court to enjoin the City from acting on its purported policy, Swift is asking the Court for relief that cannot be enforced.

But even if the *Dataphase* factors are employed, the Court finds that injunctive relief is unwarranted. A preliminary injunction is an extraordinary remedy, and the movant bears the burden of establishing its propriety. *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). And Swift has presented no evidence in support of his motions. A preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. *Olin Water Servs. v. Midland Research Labs., Inc.*, 774 F.2d 303, 308 (8th Cir. 1985). But an injunction cannot be based on the allegations of the complaint and the assertions of the movant: there must be "competent, material, and credible evidence[,]" because "[f]acts, not conclusions or opinions, must be stated upon which the court may base its judgment, according to established principles governing equitable relief by injunction." *Guar. Trust Co. of New York v. Henwood*, 86 F.2d 347, 354 (8th Cir. 1936).

There is no such evidence here. Accordingly, Swift has not shown that he is likely to suffer irreparable harm, and it was his burden to "demonstrate that irreparable injury is likely in the absence of an injunction." *Winter*, 555 U.S. at 22; *see Minn. Bearing Co. v. White Motor Corp.*, 470 F.2d 1323, 1326 (8th Cir. 1973). Even if Swift had a likelihood of success on the merits of his remaining claim—a matter the Court does not address—a preliminary injunction cannot issue without a showing of irreparable harm. *Dataphase*, 640 F.2d at 114 n.9. Such a showing requires evidence that has not been presented to the Court.

Finally, the Court notes that an injunction must "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). But Swift's motions ask only that the City be "estopp[ed] [and] enjoin[ed]" from arresting citizens "bogusly" as was allegedly done to Swift, or that the City should be "estopp[ed] [and] enjoin[ed]" from "further aressting [sic] illegally." *See,* filings 51 and 52. Thus, even if Swift's motions for injunctive relief related to his remaining claim for relief, which they don't, and even if the Court could enjoin the non-party City of Omaha, which it can't, and even if Swift had proven the factors

necessary to establish an entitlement to injunctive relief, which he hasn't: Swift's requested injunction does not meet the requirements of Rule 65(d)(1).

IT IS ORDERED:

1. Swift's motion for preliminary injunction/temporary restraining order (filing 51) is denied.

2. Swift's motion for preliminary injunction/temporary restraining order (filing 52) is denied.

Dated this 14th day of September, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge