IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CHARLES SWIFT,

           Plaintiff,

vs.

JOHN DOE COHART, OMAHA POLICE, KYLER, SCHMADEDER, AND Cheif of police; and CORHART, Omaha Police;

           Defendants.

8:14CV243

ORDER

      Plaintiff has filed a motion to intervene, (Filing No. 82), and to conduct discovery, (Filing No. 83). Since the plaintiff himself signed the motion to intervene, the court interprets the motion as a request for leave to add a party. The plaintiff has not complied with this court's local rules: He did not file a proposed amended complaint in support of his motion to amend/intervene or a brief in support of either motion. NECivR 7.1(a) and 15.1(a).

      By court order, the deadline for moving to amend pleadings was October 28, 2015. (Filing No. 59). Pursuant to Rule 16(b)(4), a case management order setting progression deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant's level of diligence and the degree of prejudice to the parties are both factors to consider when assessing if good cause warrants extending a case management deadline, with the movant's diligence being the first consideration and the extent of prejudice to either party considered only following a requisite threshold finding of due diligence. *Sherman v. Winco Fireworks, Inc*., 532 F.3d 709, 716-17 (8th Cir. 2008); *Marmo v. Tyson Fresh Meats, Inc*., 457 F.3d 748, 759 (8th Cir. 2006).

      The deadline for moving to amend or add parties expired before the plaintiff filed his pending motion to amend, and plaintiff has not explained why he could not timely file the motion. In addition, it is not clear who the plaintiff wants to add as a party.

As to plaintiff's discovery request, the defendant has alleged a qualified immunity defense and has moved for summary judgment based on that defense. ([Filing No. 71](#)). The doctrine of qualified immunity is designed to protect state actors from monetary damages and the costs associated with litigation, such as discovery. [*Harlow v. Fitzgerald*, 457 U.S. 800, 817-818 (1982)](#). Qualified immunity is "an immunity from suit rather than a mere defense to liability." [*Hunter v. Bryant*, 502 U.S. 224 (1991)](#); [*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)](#). Thus, where qualified immunity is asserted as a defense, it is within the discretion of the court to stay discovery until the issue of qualified immunity is resolved. See [*Ballard v. Heineman*, 548 F.3d 1132 (8th Cir. 2008)](#).

Under the circumstances presented, permitting discovery while Defendant's motion for summary judgment is pending would undermine one of the primary purposes of the qualified immunity doctrine – avoiding the unnecessary expense and time associated with litigation.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to intervene, ([Filing No. 82](#)), is denied.

2) Plaintiff's motion to conduct discovery, ([Filing No. 83](#)), is denied.

November 5, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.