IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHARLES SWIFT,<br><br>              Plaintiff,<br><br>vs.<br><br>RICHARD KYLER,<br><br>              Defendant. | 8:14-CV-243<br><br>MEMORANDUM AND ORDER |

     This matter is before the Court on the defendant's motion for summary judgment (filing 71), the plaintiff's motion for summary judgment (filing 61), and the plaintiff's cross-motion for summary judgment (filing 84). The Court will deny the plaintiff's motion, grant the defendant's motion, and dismiss the plaintiff's complaint.

## BACKGROUND

     This case began with a report to the Omaha Police Department that the plaintiff was selling drugs from his Omaha home. Filing 72 at 2.[1] On August 1, 2014, the defendant applied for a search warrant for the residence, which was issued by a state county court judge. Filing 72 at 3. On August 8, 2014, the defendant and other Omaha law enforcement officers executed the warrant. Filing 72 at 3. The plaintiff was not home at the time. Filing 72 at 4.

---

[1] Pursuant to NECivR 56.1, a party moving for summary judgment must include in its brief a statement of material facts about which the movant contends there is no dispute, and the party opposing summary judgment must include in its brief a concise response to that statement of facts, noting any disagreement. Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response. NECivR 56.1(b)(1). The Court has substantially relied upon the defendant's statement of undisputed material facts, because the plaintiff did not controvert it, either in a brief as required by the local rules, or even by presenting evidence that might contradict it. Accordingly, the plaintiff has waived any objection to the defendants' statement of facts by failing to properly dispute it. *See*, *Jackson v. United Parcel Serv.*, 643 F.3d 1081, 1088 (8th Cir. 2011); *Ballard v. Heineman*, 548 F.3d 1132, 1133-34 (8th Cir. 2008); *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1032-33 (8th Cir. 2007); *Jones v. United Parcel Serv.*, 461 F.3d 982, 989-91 (8th Cir. 2006); *Nw. Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 724-25 (8th Cir. 2003); compare *Jenkins v. Winter*, 540 F.3d 742, 747 (8th Cir. 2008). But the Court also notes that the defendant's index of evidence substantiates his statement of undisputed material facts.

Instead, the plaintiff was nearby, being detained by police conducting a traffic stop. Filing 72 at 4. He was operating a motor vehicle without a valid license, in violation of Nebraska law. Filing 72 at 4. He was detained and, along with his passenger, was transported to his residence, where he was Mirandized and invoked his right to counsel.[2] Filing 72 at 4. Drug residue and paraphernalia were located at the residence and seized, but the plaintiff was not arrested at that time. Filing 72 at 5.

The plaintiff sued the Omaha police and the defendant, who was then styled as a John Doe. Filing 1 at 1. The plaintiff's complaint, generally described, alleged that the defendants (i.e., the City of Omaha and John Doe) had illegally broken into his house and had detained him and his passenger while driving, purportedly because he had not used his traffic signal. Filing 1 at 1-2. Then, according to the complaint, they were handcuffed and transported to his residence. Filing 1 at 2. The complaint sought money damages. Filing 1 at 3.

On initial review, the Court found that the plaintiff had not stated a claim against the City, but the plaintiff might have a viable Fourth Amendment claim against John Doe arising from the plaintiff's detention while away from the residence to be searched.[3] Filing 6 at 4-5 (citing *Bailey v. United States*, 133 S. Ct. 1031, 1042-43 (2013)). So, the Court gave the plaintiff an opportunity to file an amended complaint stating a claim for relief against the City, and gave the plaintiff 30 days to identify John Doe so that process could be served. Filing 6 at 5. The plaintiff did not file an amended complaint, so his claims against the City were dismissed. Filing 8 at 2. He did, however, file a supplement identifying John Doe as the defendant. Filing 7. The Court ordered that the plaintiff's claim against the defendant proceed to service of process. Filing 8. The plaintiff subsequently filed a number of supplements to his pleadings, raising allegations such as that he was "illegally arrested on pretext search warrant," and that the defendant contacted the plaintiff and asked him to work as a confidential informant. Filing 23; filing 30; filing 32.[4]

After several delays occasioned by the plaintiff's filings, the defendant moved for summary judgment. Filing 71. In support of his motion for

---

[2] The complaint was initially somewhat unclear about who was where. But from the entire record, the Court can say that the plaintiff's wife, Arnetta Hill, was still at home when the search warrant was executed, while the plaintiff and his passenger, Latini Swift Tyler, were out and about and were detained at the traffic stop. *See* filing 73-7 at 2.

[3] The fact that the plaintiff had been driving without a valid operator's license was not stated in his complaint.

[4] To make sure the record is clear: the Court has aggregated the plaintiff's various "pleadings," but limited the plaintiff's claim to that brought against this defendant.

summary judgment, the defendant placed evidence before the Court that for the first time clearly explained two facts: (1) the plaintiff was operating a motor vehicle without a license when he was detained, and (2) the defendant was not actually the officer who detained the plaintiff, because the defendant was at the time busy executing the search warrant. Filing 73-1 at 3. The plaintiff filed an affidavit in opposition to summary judgment (filing 74), then filed his own motion for summary judgment (filing 84).

## STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.*

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Id.* Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.* But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. *Id.* In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis County*, 653 F.3d 745, 751 (8th Cir. 2011). The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could conceivably find for the nonmovant. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Torgerson,* 643 F.3d at 1042.

## DISCUSSION

The defendant's motion for summary judgment is based on qualified immunity. Qualified immunity shields public officials performing discretionary functions from liability for conduct that does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Parker v. Chard,* 777 F.3d 977, 979 (8th Cir. 2015); *see, Messerschmidt v. Millender,* 132 S. Ct. 1235, 1244 (2012); *Pearson v. Callahan,* 555 U.S. 223, 231 (2009). Qualified immunity balances two

important interests—the need to hold public officials accountable when they exercise power irresponsibly, and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Pearson*, 555 U.S. at 231. It gives government officials breathing room to make reasonable but mistaken judgments about open legal questions and protects all but the plainly incompetent or those who knowingly violate the law. *Parker*, 777 F.3d at 979-80.

In determining whether a government official is entitled to qualified immunity, the Court asks (1) whether the facts alleged establish a violation of a constitutional or statutory right and (2) whether that right was clearly established at the time of the alleged violation, such that a reasonable official would have known that his actions were unlawful. *Johnson v. Phillips*, 664 F.3d 232, 236 (8th Cir. 2011); *see Parker*, 777 F.3d at 980. Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken. *Messerschmidt*, 132 S. Ct. at 1245; *Pearson*, 555 U.S. at 244. The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. *Messerschmidt*, 132 S. Ct. at 1245.

For purposes of this motion, the Court assumes that the right upon which the plaintiff's claim against the defendant is based was clearly established. For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. *Parker*, 777 F.3d at 980. Clearly established law is not defined at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced. *Id.*; s*ee Seymour v. City of Des Moines*, 519 F.3d 790, 798 (8th Cir. 2008). It is unnecessary to have a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate. *Parker*, 777 F.3d at 980. The Supreme Court's decision in *Bailey* made it sufficiently clear that when a suspect is away from the scene of a search, detaining the suspect is not justified by the search warrant; rather, it is controlled by other standards such as a *Terry* stop or an arrest based on probable cause. 133 S. Ct. 1031, 1042.

But that constitutional right was not violated by the defendant in this case, for two fairly obvious reasons. First, the defendant was not the officer who detained the plaintiff. And liability for damages for a federal constitutional tort is personal, so each defendant's conduct must be independently assessed. *Wilson v. Northcutt*, 441 F.3d 586, 591 (8th Cir. 2006). Second, the plaintiff does not contest that he was driving without a

license. And that provided cause for his arrest.[5] *See United States v. Stephens*, 350 F.3d 778, 780 (8th Cir. 2003); *see also*, Neb. Rev. Stat. § 60-484, Neb. Rev. Stat. § 60-4,111; Neb. Rev. Stat. § 28-106(1).

So, the remaining question is whether it was constitutionally unreasonable to transport the plaintiff to his residence after he was detained, instead of to jail. Or, stated another way: did the plaintiff have a constitutional right to go to jail or be released, instead of being taken someplace else? The Court is aware of no authority establishing such a right, much less *clearly* establishing such a right. *Bailey* does not help the plaintiff there. To the extent that the defendant can be said to have directed the plaintiff to be transported after his arrest, the defendant is entitled to qualified immunity. "'Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.'" *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). Even if there was a bad guess here—and the Court does not see any authority suggesting that is the case—there was certainly no transgression of any bright line.

The plaintiff's opposition to summary judgment goes in an entirely different direction: the plaintiff is complaining about the search warrant. But that argument is unavailing, for two reasons. First, the claim that proceeded to process here was based on the plaintiff's detention, not the search of the residence. And the uncontroverted evidence establishes that the plaintiff was detained based on his operation of a vehicle, not the search warrant.

Second, even if the validity of the search warrant was relevant, the plaintiff's argument regarding the warrant lacks merit. The plaintiff, relying on Neb. Rev. Stat. § 29-814.04, asserts that the warrant is invalid because the affidavit supporting issuance of the warrant did not name the confidential informant upon which it relied. Filing 74; *see* filing 67. But there is no such requirement. Section 29-814.04 provides, in relevant part, that a search warrant "shall indicate the name or names of the person or persons whose affidavit or statement has been taken in support thereof." But that person is the police officer seeking the warrant. There is no requirement that a police officer's *informant* be identified by name. *See State v. Lammers*, 676 N.W.2d 716, 724 (Neb. 2004). And information from a confidential informant,

---

[5] The Court recognizes that at least initially, the plaintiff complained about the basis for the traffic stop—that is, he was stopped for not activating a turn signal, but he said he had. *See* filing 1. But the plaintiff has not pursued that theory since. And more importantly, even if the defendant can be connected to the plaintiff's detention and transportation, there is nothing connecting him to the initial stop. If it was reported to the defendant that the plaintiff had been detained for violating traffic laws, then the defendant's right to rely on that information entitles him to qualified immunity. *See United States v. Hensley*, 469 U.S. 221, 230-31 (1985).

- 5 -

independently corroborated, can support issuance of a search warrant. *See United States v. Formaro*, 152 F.3d 768, 770 (8th Cir. 1998).[6]

For the sake of completeness, the Court notes the additional allegations in one of the plaintiff's supplementary pleadings: characterized loosely, the plaintiff describes a sequence of events in which the defendant, a week after executing the search warrant, arranged to meet the plaintiff, and at least implicitly threatened him with prosecution unless he provided the police with information. Filing 32 at 1-4.[7] But while that may have been unpleasant for the plaintiff, the Court is aware of no constitutional right that the defendant would have violated. *See Roberts v. United States*, 445 U.S. 552, 558-59 (1980); *cf.*, *Fare v. Michael C.*, 442 U.S. 707, 727 (1979); *Doody v. Ryan*, 649 F.3d 986, 1045 (9th Cir. 2011); *United States v. Johnson*, 351 F.3d 254, 261-62 (6th Cir. 2003); *United States v. Gallardo-Marquez*, 253 F.3d 1121, 1123 (8th Cir. 2001); *United States v. Williams*, 47 F.3d 658, 662-63 (4th Cir. 1995); *United States v. Ornelas-Rodriguez*, 12 F.3d 1339, 1347-48 (5th Cir. 1994); *United States v. Rutledge*, 900 F.2d 1127, 1130-31 (7th Cir. 1990).

In sum, the evidence before the Court demonstrates that there is no genuine issue as to any material fact, and that the defendant is entitled to judgment as a matter of law. Not surprisingly, then, the Court finds that the plaintiff's motions for summary judgment are without merit. His first pending motion for summary judgment (filing 61) is unsupported by any evidence or argument, and therefore does not comply with Fed. R. Civ. P. 56(c). His second pending motion for summary judgment (filing 84) is supported by an affidavit asserting that something similar to what happened to the plaintiff also happened to the plaintiff's brother in 1993. *See* filing 85. That, of course, does not prove that the plaintiff was unlawfully seized in 2014. So, the Court will deny the plaintiff's motions for summary judgment. Instead, the Court will grant summary judgment to the defendant.

---

[6] And to be clear, it is *federal* law that is at issue here. The plaintiff has misread the Nebraska statute, but even if he had not, the violation of a state statute does not state a claim under the federal Constitution or 42 U.S.C. § 1983. *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993).

[7] That pleading also refers to the "escapade commenc[ing]" when the defendant allegedly kicked in the plaintiff's door and finding the defendant's wife asleep on the couch. Filing 32 at 4-5. But it is clear that those allegations refer to the execution of the initial search warrant, *see* filing 73-7 at 2, and the defendant's actions then were justified by the warrant.

IT IS ORDERED:

1. The plaintiff's motion for summary judgment (filing 61) is denied.

2. The defendant's motion for summary judgment (filing 71) is granted.

3. The plaintiff's motion for summary judgment (filing 84) is denied.

4. The plaintiff's complaint is dismissed.

5. A separate judgment will be entered.

Dated this 25th day of November, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge